UNITED STATES of America, Plaintiff and Counter–Defendant,

and

Wayne County Department of Health, Air Pollution Control Division, Plaintiff,

v.

STATE OF MICHIGAN, Defendant, Counter–Plaintiff and Cross–Plaintiff,

v.

CITY OF DETROIT, a municipal corporation, and Detroit Water and Sewerage Department, Defendants and Cross–Defendants,

v.

ALL COMMUNITIES AND AGENCIES UNDER CONTRACT WITH THE CITY OF DETROIT FOR SEWERAGE TREATMENT SERVICES,

v.

DETROIT AREA LAUNDRY POLLUTION CONTROL GROUP, a voluntary, non-profit, unincorporated association, and its Members,

v.

The FOOD AND ALLIED INDUSTRIES COMMITTEE OF METROPOLITAN DETROIT, a voluntary, non-profit, unincorporated association, and its Members, Intervening Rate Challengers.

UNITED STATES of America, and Frank J. Kelley, Attorney General for the State of Michigan, ex rel Michigan Natural Resources Commission, Michigan Water Resources Commission, and David F. Hales, Director of Michigan Department of Natural Resources, Plaintiffs,

v.

WAYNE COUNTY, MICHIGAN; City of Allen Park; City of Belleville; Township of Brownstown; City of Dearborn Heights; City of Ecorse; City of Lincoln Park; City of River Rouge; City of Southgate; City of Taylor; Township of Van Buren; City of Wyandotte; Southgate–Wyandotte Relief Drainage District; Ecorse Creek Pollution Abatement Drain, Defendants.

UNITED STATES of America, and State of Michigan, Plaintiffs,

v.

CITY OF DETROIT, MICHIGAN, Defendant.

Nos. 77–71100, 87–70992 and 89–72937.

United States District Court, E.D. Michigan, S.D.

Nov. 8, 1991.

Kenneth D. Kruse, Pagnucco, Kruse & Tamsen, P.C., Allen Park, Mich., for City of Allen Park.

Pamela G. Shea, Beier, Howlett, Ternan, Devine, Jones, Shea & Hafeli, P.C., Bloomfield Hills, Mich., for Oakland County.

C. Gerald Hemming, Law, Hemming, Essad & Palaczyk, P.C., Plymouth, Mich., for Canton Tp., Northville Tp., Plymouth Tp. and Western Wayne Tp. Utility Authority (WTUA).

Leonard A. Krazyzaniak, Jr., Vandeveer & Garzia, P.C., Detroit, Mich., for City of Dearborn.

Adam J. Dadaou, Inkster, Mich., for City of Dearborn Heights.

Milton Spokojny, Farmington Hills, Mich., for City of Inkster.

Harry C. Tatigian, Livonia, Mich., for City of Livonia.

R.W. Lowe, Lowe & LeWandowski, P.C., Plymouth, Mich., for City of Plymouth.

Owen J. Cummings, Cummings, McClorey, Davis & Acho, P.C., Livonia, Mich., for Redford Tp.

Ronald E. Mack, Berry, Hopson, Francis, Mack & Siefman, P.C., Detroit, Mich., for City of Romulus.

Patrick B. McCauley, Sommers, Schwartz, Silver & Schwartz, P.C., Southfield, Mich., for Van Buren Tp. and Taylor.

Richard S. Clark, Millar, Weinberg, Necker, Johnson, Clark & Ryan, P.C., Wayne, Mich., for City of Wayne.

Charles Brian James, Bokos & Plakas, P.C., Westland, Mich., for City of Westland and Southgate.

Mark Van Putten, Nat. Wildlife Federation, Ann Arbor, Mich.

Daniel Andrews, Cozadd, Shangle, Smith & Stone, P.C., Dearborn, Mich., for Beleveeille.

William J. DeBiasi, Taylor, Mich., for Brownstown.

Edward Zelenak, Lincoln Park, Mich., for Lincoln Park.

Michael H. Feiler, Feiler, Joelson, Lakind & Rosenberg, P.C., Farmington Hills, Mich., for City of River Rouge.

Eugene A. Goreta, Ecorse, Mich., for Ecorse.

Randall Pentiuk, Pentiuk, Miller & Waterman, P.C., Taylor, Mich., for Riverview.

Randy Kalmback, Look, Kalmbach & Look, P.C., Wyandotte, Mich., for Wyandotte.

Fred R. Disheroon, Sp. Litigation Counsel, U.S. Dept. of Justice, Washington, D.C., Stephen F. Schuesler, Asst. Atty. Gen., Environmental Protection Div., Lansing, Mich., Sebastian Patti, Office of Regional Counsel, Region V, E.P.A., Chicago, Ill., L. Michael Wicks, Peter Caplan, Asst. U.S. Atty., Chief, Civ. Div., Office of the U.S. Atty., Detroit, Mich., and Frank J. Kelley, Atty. Gen., and John C. Scherbarth, Asst. Atty. Gen., Environmental Protection Div., Lansing, Mich., for the U.S. and State of Mich.

James A. Smith, Bodman, Longley & Dahling, John P. Williams, Butzel, Long, Gust, Klein & Van Zile, Philip G. Tannian, Richard E. Hinks, Fildew, Hinks, Gilbride, Miller & Todd, Detroit, Mich., George Kircos, Ford Motor Co. Word Headquarters, Dearborn, Mich., Robert H. Fredericks, Chief Deputy Drain Com'rs, Oakland County Drain Com'n, Pontiac, Mich., Avery K. Williams, Cooper, Fink & Zausmer, P.C.,

William P. Hampton, John M. Donohue, Kohl, Secrete, Wardle, Lynch, Clark & Hampton, P.C., Farmington Hills, Mich., William M. Misterovich, Mt. Clemens, Mich., Darryl F. Alexander, Asst. Corp. Counsel, City of Detroit Law Dept., Water & Sewerage Div., Tim Howlett, Dickinson, Wright, Moon, Van Dusen & Freeman, Karl R. Bennett, Jr., Stringari, Fritz, Kreger, Ahearn, Bennett & Hunsinger, P.C., Detroit, Mich., Peter J. Kelley, Kelley & Cramer, P.C., Ann Arbor, Mich., and Antoinette R. Raheem, Joseph M. Polito and Beth Gotthelf, Honigman, Miller, Schwartz & Cohn, P.C., Detroit, Mich., for Communities Severed by DWSD Treatment Plant.

## MEMORANDUM OPINION AND ORDER

FEIKENS, District Judge.

Before me is Wayne County's Motion for an Order to Show Cause Why This Court Should Not Take Jurisdiction Over Certain Limited Issues Related to Time and Manner of Compliance with Respect to Certain National Pollutant Discharge Elimination System ("NPDES") Permits Involving Combined Sewer Over Flows.

A hearing was held on this matter on November 1, 1991. After careful consideration of all the arguments raised at that time, I granted Wayne County's motion and presented the legal bases for my jurisdiction over these issues on the record. This supplemental opinion is intended to clarify the five basic sources of federal jurisdiction over the issues raised by Wayne County's motion and to explain why these issues are properly before me.

1. *Jurisdiction Arises Pendent to My Existing Jurisdiction Over the Consolidated Cases.*

■ I have original federal question jurisdiction of consolidated case nos. 77–71100, 87–70992 and 89–72937 pursuant to the NPDES permit enforcement provisions of the Clean Water Act, 33 U.S.C. §§ 1311, 1319. At the time the dry weather issues were resolved, the parties entered into a consent judgment in case no. 77–71100. That judgment reserved my jurisdiction

over wet weather combined sewer overflow issues to be resolved in the second stage of these cases.

Arising from this reservation of jurisdiction and as explained in my opinions of November 7 and December 21, 1989, I have jurisdiction over the implementation of wet weather combined sewer overflow standards established in proposed NPDES permits "including the time and manner in which the parties must deal with wet weather flow violations." Opinion of December 21, 1989, p. 1. To the extent that the issues presented by Wayne County's motion impact on or affect the time and manner in which Detroit and the communities it serves must meet the goal of secondary treatment of wet weather flows, I have jurisdiction over these issues, as this goal remains a part of the original 1977 case.

### 2. *Jurisdiction Arises Under the Existing Law of the Case.*

■ The law of this case renders the issues presented in Wayne County's motion pendent and/or ancillary to those presented in case no. 77–71100, in that these issues derive from a common nucleus of operative facts. In *County of Oakland v. City of Berkley*, 742 F.2d 289, 296 (6th Cir.1984), the United States Court of Appeals for the Sixth Circuit held that for purposes of evaluating whether certain issues or parties are pendent and/or ancillary to the consolidated cases, the common nucleus of operative facts consists of the entire "Detroit water pollution problem". Many communities in this region contribute to this problem. As the Sixth Circuit pointed out, "Part of Detroit's pollution problem [arises] from the fact that it act[s] for many of its neighbors in disposing of their sewerage." *County of Oakland*, 742 F.2d at 296.

Therefore, to achieve an effective solution, it is both permissible and essential that I assert jurisdiction over all contributing entities, as well as all efforts to cure the Detroit pollution problem. The issues presented by Wayne County are "so intertwined with the solution to the common issue of pollution" that there is no doubt I have "the power to assert jurisdiction." *County of Oakland*, 742 F.2d at 296.

### 3. *Jurisdiction Arises Under State Law by Virtue of the Partnership Created Between the Environmental Protection Agency and the Various States Through the Clean Water Act.*

■ The Clean Water Act ("Act") establishes a partnership between the Environmental Protection Agency ("EPA") and the various States through the NPDES permit system for addressing pollution problems. *International Paper Co. v. Ouellette*, 479 U.S. 481, 490, 107 S.Ct. 805, 810, 93 L.Ed.2d 883 (1986). The Act envisions the use of both State and Federal law to remedy pollution problems. *International Paper*, 479 U.S. at 490, 107 S.Ct. at 810. Because EPA has delegated certain authority over NPDES permits to the Michigan Department of Natural Resources ("MDNR"), the Act permits me to use both Federal and Michigan law to implement a solution to the wet weather combined sewer overflow problem. Thus, I sit as "a court of competent jurisdiction" under Michigan law, M.C.L.A. §§ 123.247–8. As such, the issues raised by Wayne County's motion are properly before me.

### 4. *The Great Lakes Water Quality Agreement Imposes Certain Obligations on the United States Regarding Sewerage Discharges, and Must be Considered in Resolving the Wet Weather Overflow Problem.*

■ The Great Lakes Water Quality Agreement ("Great Lakes Agreement") between the United States and Canada imposes certain obligations on the United States regarding sewerage discharges into the Great Lakes system, including Lake St. Clair and the Detroit and Rouge Rivers. That Agreement's purpose "is to restore and retain the chemical, physical, and biological integrity of the waters of the Great Lakes Basin ecosystem." Great Lakes Water Quality Agreement, Nov. 22, 1978, as amended by the Protocol signed Nov. 18, 1987, U.S.–Can., Article II, 30 U.S.T. 1383. To do this, the United States agreed "to eliminate or reduce to the maximum extent practicable the discharge of pollutants into the Great Lakes System." Great Lakes

Agreement, Article II. The Clean Water Act provides that EPA should "take the lead in the effort to meet" the goals of the Great Lakes Agreement, working with "other Federal agencies and State and local authorities". 33 U.S.C. § 1268(a)(1)(C). Therefore, I have jurisdiction over the issues raised by Wayne County since they impact on such efforts.

5. *Jurisdiction Arises Based on the Preeminence of Federal Law in Regulating and Remedying Pollution.*

■ Federal law takes precedence over state law in these matters. EPA retains ultimate control and responsibility for administering the NPDES permit process and remedying discharge problems under the Clean Water Act. *International Paper,* 479 U.S. at 492, 107 S.Ct. at 811. The amount of control retained by EPA over NPDES permits is such that all remedial efforts necessarily arise under Federal law. Therefore, federal jurisdiction over the issues raised by Wayne County is proper. This jurisdiction is not limited by delegation of authority over NPDES permits to MDNR.

For the foregoing reasons, I find that I have jurisdiction over the issues raised by Wayne County in its Motion for an Order to Show Cause Why this Court Should Not Take Jurisdiction Over Certain Limited Issues Related to Time and Manner of Compliance with Respect to Certain NPDES Permits Involving Combined Sewer Over Flows. Therefore, Wayne County's motion is GRANTED.

IT IS SO ORDERED.